UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DEANDRE M. ROSS,
    Petitioner,

vs.                                    Case No.:  4:21cv88/MW/EMT

RICKY D. DIXON,[1]
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

Petitioner Deandre M. Ross (Ross) filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1).  Respondent (the State) filed an answer and attached relevant portions of the state court record (ECF Nos. 12, 12-1).  Ross filed a reply (ECF No. 16).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B)–(C) and Fed. R. Civ. P. 72(b).  After careful consideration of the issues presented by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases.  It is

---

[1] Ricky D. Dixon succeeded Mark S. Inch as Secretary for the Florida Department of Corrections, and is automatically substituted as Respondent.  *See* Fed. R. Civ. P. 25(d).

further the opinion of the undersigned that the pleadings and attachments before the court show that Ross is not entitled to habeas relief.

I.   RELEVANT BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* ECF No. 12-1).[2] Ross was charged in the Circuit Court in and for Leon County, Florida, Case No. 2013-CF-618, with one count of attempted first degree murder (Count I), one count of shooting at, within, or into an occupied vehicle (Count II), and one count of fleeing or attempting to elude an officer (Count III) (ECF No. 12-1 at 32 (amended information)). A jury trial was held on August 13–14, 2013 (*id.* at 238–712 (transcript of jury trial)). The court granted a judgment of acquittal as to Count III (*id.* at 558 (excerpt of trial transcript)). The jury found Ross guilty of the lesser included offense of attempted second degree murder as to Count I, with specific findings that Ross discharged and personally used a firearm during the course of the attempted second degree murder (*id.* at 78–79 (verdict)). The jury also found Ross guilty of shooting at, within or into an occupied vehicle as charged in Count II (*id.*). On September 4, 2013, the court sentenced Ross to a mandatory minimum term of twenty years in prison on Count I and a concurrent

---

[2] Citations to the state court record refer to the document numbers and page numbers assigned by the court's electronic filing system.

Case No.: 4:21cv88/MW/EMT

term of fifteen years in prison on Count II (*id.* at 85–95 (judgment), 103–11 (transcript of sentencing)).

Ross appealed the judgment to the Florida First District Court of Appeal (First DCA), Case No. 1D13-4401 (ECF No. 12-1 at 96 (notice of appeal), 747–98 (Ross's initial brief), 798–833 (State's answer brief)). The First DCA initially reversed Ross's convictions (*id.* at 838–46 (opinion)). *Ross v. State*, 157 So. 3d 406 (Fla. 1st DCA 2015). The Florida Supreme Court granted certiorari review, quashed the First DCA's opinion, and remanded for reconsideration (*id.* at 931 (opinion)). *Ross v. State*, No. SC15-329, 2016 WL 3459640, at *1 (Fla. June 24, 2016). On August 29, 2016, the First DCA affirmed Ross's judgment and sentence (ECF No. 12-1 at 871–72 (opinion)). *Ross v. State*, 198 So. 3d 1147 (Fla. 1st DCA 2016) (Mem). The mandate issued September 26, 2016 (*id.* at 875 (mandate)).

On September 18, 2017, Ross filed a counseled motion for post-conviction relief in the state circuit court, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (ECF No. 12-1 at 937–95 (Rule 3.850 motion and attachments)). Ross subsequently filed an amended Rule 3.850 motion (*id.* at 992–1053 (motion to amend and amended Rule 3.850 motion and attachments)). The circuit court held an evidentiary hearing on all of Ross's post-conviction claims (*id.* at 1737–1819 (transcript of evidentiary hearing)). At the conclusion of the evidentiary hearing, the

circuit court denied Ross's amended Rule 3.850 motion, stating its reasons for denying each of Ross's claims (*id.* at 1810–17 (excerpt of hearing transcript)). The court formalized its ruling in a written order rendered on May 11, 2019 (*id.* at 1731 (order)). Ross appealed the decision to the First DCA, Case No. 1D18-2255, presenting argument on two of his eight claims (*id.* at 1822–68 (Ross's initial brief), 1870–97 (State's answer brief), 1899–1912 (Ross's reply brief)). The First DCA affirmed the circuit court's decision per curiam without written opinion on September 5, 2019 (*id.* at 1914–15 (decision)). *Ross v. State*, 279 So. 3d 83 (Fla. 1st DCA 2019) (Table). The mandate issued September 26, 2019 (*id.* at 1917 (mandate)).

While the Rule 3.850 proceeding was pending, Ross filed a counseled state habeas petition alleging ineffective assistance of appellate counsel (IAAC) in the First DCA, Case No. 1D18-4092 (ECF No. 12-1 at 1919–45 (state habeas petition)). Ross subsequently filed an amended petition (*id.* at 1947–73 (amended habeas petition)). The First DCA denied the habeas petition on the merits on October 21, 2020 (*id.* at 2004–05 (decision)). *Ross v. State*, 306 So. 3d 384 (Fla. 1st DCA 2020) (Mem). The First DCA denied Ross's motion for rehearing on December 1, 2020 (*id.* at 2018 (order)).

Ross commenced this federal habeas action on February 2, 2021 (ECF No. 1).

II.   STANDARD OF REVIEW

A federal court "shall not" grant a habeas corpus petition on any claim that was adjudicated on the merits in state court unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court."  28 U.S.C. § 2254(d)(1).  The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362 (2000).[3]  Justice O'Connor described the appropriate test:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412–13 (O'Connor, J., concurring).

Under the *Williams* framework, the federal court must first determine the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its

---

[3] Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367–75, 390–99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and—except as to the footnote—Scalia) in part II (529 U.S. at 403–13).  The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

Case No.:  4:21cv88/MW/EMT

decision." *Lockyer v. Andrade*, 538 U.S. 63, 71–72 (2003). After identifying the governing legal principle, the federal court determines whether the state court's adjudication is contrary to the clearly established Supreme Court case law. The adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *See Early v. Packer*, 537 U.S. 3, 8 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases—indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.").

If the "contrary to" clause is not satisfied, the federal court determines whether the state court "unreasonably applied" the governing legal principle set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the legal principle was "objectively unreasonable" in light of the record before the state court. *See Williams*, 529 U.S. at 409; *Holland v. Jackson*, 542 U.S. 649, 652 (2004). "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

Section 2254(d) also allows habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State

court proceeding." 28 U.S.C. § 2254(d)(2). The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See Gill v. Mecusker*, 633 F.3d 1272, 1292 (11th Cir. 2011). As with the "unreasonable application" clause, the federal court applies an objective test. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding."). "The question under AEDPA [the Antiterrorism and Effective Death Penalty Act of 1996] is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams*, 529 U.S. at 410). AEDPA also requires federal courts to "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Landrigan*, 550 U.S. at 473–74 (quoting 28 U.S.C. § 2254(e)(1)).

The Supreme Court has often emphasized that a state prisoner's burden under § 2254(d) is "difficult to meet, . . . because it was meant to be." *Richter*, 562 U.S. at 102. The Court elaborated:

> As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal-court relitigation of claims already rejected in state

> proceedings. *Cf. Felker v. Turpin*, 518 U.S. 651, 664, 116 S. Ct. 2333, 135 L. Ed. 2d 827 (1996) (discussing AEDPA's "modified res judicata rule" under § 2244). It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no further. Section 2254(d) reflects the view that habeas corpus is a "guard against extreme malfunctions in the state criminal justice systems," not a substitute for ordinary error correction through appeal. *Jackson v. Virginia*, 443 U.S. 307, 332, n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring in judgment). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

*Richter*, 562 U.S. at 102–03 (emphasis added).

A federal court may conduct an independent review of the merits of a petitioner's claim only if it first finds that the petitioner satisfied § 2254(d). *See Panetti v. Quarterman*, 551 U.S. 930, 954 (2007). Even then, the petitioner must show that he is in custody "in violation of the Constitution or laws and treaties of the United States," *see* 28 U.S.C. § 2254(a), and that the constitutional error resulted in "actual prejudice," meaning, the error "had a substantial and injurious effect or influence in determining the jury's verdict," *see Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (internal quotation marks and citation omitted).

## III. ROSS'S CLAIM[4]

**Ground One: "Appellate counsel rendered ineffective assistance in failing to raise on direct appeal that the trial court fundamentally erred in giving an inapplicable self-defense instruction . . . ."**

Ross asserts his sole defense to the charges was that he acted in self-defense (ECF No. 1 at 12). He asserts the trial court fundamentally erred in giving an inapplicable self-defense jury instruction (*id.* at 10–12). Ross contends his appellate counsel was ineffective for failing to raise the issue of fundamental error on direct appeal (*id.* at 12). Ross states he presented this claim of ineffective assistance of appellate counsel (IAAC) in his state habeas petition, and the First DCA adjudicated the claim on the merits ( *id.* at 13). Ross argues the First DCA's adjudication of Ground One was based upon an unreasonable determination of the facts, or it was contrary to or an unreasonable application of clearly established federal law (*id.*).

The State concedes Ross presented Ground One in his state habeas petition, and the claim appears to be exhausted (*see* ECF No. 12 at 6). The State contends the First DCA adjudicated Ground One on the merits, and the state court's adjudication is entitled to deference under § 2254(d) (*id.* at 17–21).

---

[4] Ross's § 2254 petition presents three grounds for relief (*see* ECF No. 1 at 12–22). However, Ross stated in his reply brief, "Mr. Ross has decided to pursue only the claim presented within Ground One of his Petition . . . ." (ECF No. 16 at 1). The court thus deems Grounds Two and Three abandoned.

Case No.: 4:21cv88/MW/EMT

### A.   Clearly Established Federal Law

The standard for evaluating a claim of ineffective assistance of appellate counsel is the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Smith v. Robbins*, 528 U.S. 259, 285 (2000) (citation omitted).  The two components of an ineffectiveness claim under *Strickland* are performance and prejudice, and if an insufficient showing is made as to one, the court need not address the other.  *Strickland*, 466 U.S. at 697.

The focus of inquiry under the performance prong of *Strickland* is whether counsel's assistance was "reasonable considering all the circumstances." *Strickland*, 466 U.S. at 691.  Appellate counsel who file a merits brief need not (and should not) raise every nonfrivolous claim but, rather, may select from among them in order to maximize the likelihood of success of on appeal.  *See Jones v. Barnes*, 463 U.S. 745, 753–54 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues."). "Appellate counsel is not ineffective for failing to raise claims 'reasonably considered to be without merit.'" *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000) (quoting *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984), *superseded by statute on other grounds*, Insanity Defense Reform Act of 1983, Pub.

L. No. 98-473, 98 Stat. 2057). Additionally, where an issue is not preserved for appellate review, appellate counsel's failure to raise the issue is not constitutionally deficient as it is based on the reasonable conclusion that the appellate court will not hear the issue on its merits. *See Diaz v. Sec'y Dep't of Corr.*, 402 F.3d 1136, 1142 (11th Cir. 2005); *Atkins v. Singletary*, 965 F.2d 952, 957 (11th Cir. 1992); *Francois v. Wainwright*, 741 F.2d 1275, 1285–86 (11th Cir. 1984).

To demonstrate prejudice under *Strickland*, the petitioner must show a reasonable probability that, but for his counsel's unreasonable failure to brief a particular issue, petitioner would have prevailed on appeal. *See Robbins*, 528 U.S. at 285; *Nyhuis*, 211 F.3d at 1344 (arguments omitted from the appeal must have been significant enough to have affected the outcome of the appeal) (citation omitted).

When a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. *Strickland*, 466 U.S. at 698; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999). "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Richter*, 562 U.S. at 105. As the *Richter* Court explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Id.* (citations omitted).

### B. Federal Review of State Court Decision

As the State concedes, Ross presented Ground One as his sole ground for relief in his counseled amended state habeas petition (ECF No. 12-1 at 1959–72 (amended habeas petition)). Ross argued, and the State agreed, that during the charge conference at trial, defense counsel did not object to the erroneous portion(s) of the jury instructions (*see* ECF No. 12-1 at 1957–58, 1960 (Ross's state habeas petition), 1983 n.1 (State's response)). Ross argued his appellate counsel was ineffective for failing to raise the unpreserved issue as one of fundamental error on direct appeal (*id.* at 1959–71). The State argued the error in the jury instructions did not constitute fundamental error under Florida law (*id.* at 1982–91); therefore, appellate counsel was not deficient for failing to raise the issue, and counsel's failure to raise it did not prejudice the outcome of Ross's direct appeal (*id.* at 1991–92).

The First DCA adjudicated Ross's IAAC claim as follows:

>The petition alleging ineffective assistance of appellate counsel is denied on the merits. *See Hardison v. State*, 138 So. 3d 1130, 1132 (Fla. 1st DCA 2014) ("Where, as here, the challenged jury instruction involved an affirmative defense, fundamental error only occurs if the instruction is so flawed as to deprive the defendant of a fair trial.").

(ECF No. 12-1 at 2004 (decision)). *Ross v. State*, 306 So. 3d 384 (Fla. 1st DCA 2020) (Mem).

The First DCA's rejection of Ross's IAAC claim was based upon its determination that the error in the jury instructions was not fundamental error. This is a determination of state law to which the federal habeas court must defer. *See Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1299 (11th Cir. 2017) ("[T]he fundamental error question is an issue of state law, and state law is what the state courts say it is.") (citations omitted). As the Supreme Court and the Eleventh Circuit have repeatedly acknowledged, "it is not a federal court's role to examine the propriety of a state court's determination of state law." *Id.* (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *Bates v. Sec'y, Fla. Dep't of Corr.*, 768 F.3d 1278, 1303 (11th Cir. 2014), *Reaves v. Sec'y, Fla. Dep't of Corr.*, 717 F.3d 886, 903 (11th Cir. 2013)). Because the error in the jury instructions was not fundamental error, Ross would not have received any relief on direct appeal if his appellate counsel had raised the issue. It follows that appellate counsel's failure to raise the issue was not ineffective assistance under *Strickland*.

*See Pinkney*, 876 F.3d at 1302 (where the error that appellate counsel failed to raise was not fundamental error and thus would not have gotten petitioner any relief on direct appeal, "[i]t follows that it wasn't ineffective assistance of counsel not to raise the issue").

Ross has not demonstrated that the First DCA's adjudication of Ground One was contrary to or an unreasonable application of *Strickland*. Therefore, he is not entitled to federal habeas relief.

IV. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El*, 537 U.S. at 336 (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). The petitioner here cannot make that showing. Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

The clerk of court is directed to substitute Ricky D. Dixon for Mark S. Inch as Respondent.

And it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (ECF No. 1) be **DENIED**.

2. That a certificate of appealability be **DENIED**.

3. That the clerk be directed to enter judgment accordingly and close the case.

At Pensacola, Florida, this 5th day of January 2022.

/s/ *Elizabeth M. Timothy*
ELIZABETH M. TIMOTHY
CHIEF UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No.: 4:21cv88/MW/EMT